NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD J. BAKER,**

*Plaintiff-Appellant*

**v.**

**MICROSOFT CORPORATION, UBISOFT, INC., NINTENDO OF AMERICA, INC., ELECTRONIC ARTS INC, HARMONIX MUSIC SYSTEMS, INC.,**

*Defendants-Appellees*

**MAJESCO ENTERTAINMENT,**

*Defendant*

---

2017-2357

---

Appeal from the United States District Court for the Western District of Washington in No. 2:16-cv-00396-RAJ, Judge Richard A. Jones.

---

Decided: April 9, 2018

---

RICHARD J. BAKER, Mermaid Waters, Queensland, Australia, pro se.

SONAL NARESH MEHTA, Durie Tangri LLP, San Francisco, CA, for defendants-appellees Microsoft Corporation, Electronic Arts Inc. Also represented by ADAM R. BRAUSA.

MICHELLE LYONS MARRIOTT, Erise IP, P.A., Overland Park, KS, for defendant-appellee Ubisoft, Inc. Also represented by ERIC ALLAN BURESH.

JONATHAN L. MCFARLAND, Perkins Coie, LLP, Seattle, WA, for defendant-appellee Nintendo of America, Inc.

PATRICK JOSEPH COYNE, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, for defendant-appellee Harmonix Music Systems, Inc. Also represented by LINDA JEAN THAYER, Boston, MA.

---

Before REYNA, WALLACH, and HUGHES, *Circuit Judges.*

REYNA, *Circuit Judge.*

Richard Baker appeals the United States District Court for the Western District of Washington's grant of summary judgment of noninfringement. We affirm.

## BACKGROUND

### I. The '001 Patent

Mr. Baker is the owner and inventor of U.S. Patent No. 5,486,001 ("the '001 Patent"), which is entitled "Personalized Instructional Aid." The '001 Patent describes an instructional aid intended to provide users with feedback on their body movements relating to a given activity, such as a golf swing. The '001 Patent claims a method and an apparatus generally comprising the steps of capturing an image signal of a user's movement in a first location; using a transceiver at the first location to send the captured signal over a communications network to a computer at a second location; comparing the captured

signal with a pre-stored, preferred signal using the computer at the second location; generating and transmitting an instructional signal from the computer at the second location to the transceiver at the first location; and displaying the instructional signal back to the user at the first location.

Relevant to this appeal, during prosecution of the '001 Patent, the U.S. Patent and Trademark Office ("USPTO") rejected Mr. Baker's application as anticipated by U.S. Patent No. 5,184,295 ("Mann"). Specifically, the Examiner noted:

> Mann discloses a method for providing an instructional aid for assisting a person to emulate a preferred movement. The method includes the steps of capturing and storing visual image signals representative of a particular movement, comparing said captured image signals with stored image signals of a preferred movement, and generating further video image signals based on the original signals.

J.A. 149.

Mr. Baker amended the application, adding language requiring certain functions to occur at different "locations." Claim 1 of the '001 Patent was amended, with the amended terms underlined, as follows:

> A method for providing an instructional aid for assisting a person to emulate a preferred movement, said method comprising:
>
> capturing and storing initial visual image signals representative of a particular movement *at a first location*,
>
> storing preferred image signals representative of a selected preferred movement *at a second loca-*

*tion remote from said first location in a data base of a computer*,

transmitting said captured and stored visual image signals *from said first location to said computer at said second location*,

comparing said captured and stored image signals with stored preferred image signals in said data base of said computer,

regenerating further visual secondary image signals based on said initial image signals of said particular movement adjusted to emulate said stored preferred image signals of said selected movement in said computer, and

transmitting said regenerated signals *from said computer at said remote second location to said first location* and stored in image presentation means which permits viewing thereof with dialogue relating to said regenerated visual secondary image signals.

J.A. 90–91 (emphases added). Pending claim 17 (issued claim 10) was similarly amended, and pending claim 25 (issued claim 18) contained originally-filed language requiring a means for transmission "to a remote location." J.A. 93, 95–96. Following these amendments, and in light of Mr. Baker's supporting remarks, the USPTO allowed Mr. Baker's claims and issued the '001 Patent.

## II. The Accused Products

Mr. Baker brought the underlying infringement suit against Microsoft Corporation, Electronic Arts Inc., Harmonix Music Systems, Inc., Majesco Entertainment Co., Ubisoft, Inc., and Nintendo of America, Inc. (collectively, "Appellees"). As relevant here, the purportedly infringing products are video games that incorporate an image capturing device, i.e., a camera, connected to a gaming

console or personal computer. Mr. Baker contends that the accused cameras constitute a "first location," while the gaming consoles or personal computers constitute a "second location," and therefore, Appellees' products infringe the '001 Patent when combined.

Relying on the claim amendments during prosecution of the '001 Patent, Appellees moved for summary judgment of noninfringement of the asserted claims. The district court granted summary judgment for Appellees concluding that Appellees' products do not infringe the '001 Patent either literally or under the doctrine of equivalents. Subsequently, the district court denied Mr. Baker's motion for reconsideration.

On appeal, Mr. Baker seeks to reverse the district court's grant of summary judgment of noninfringement. We have jurisdiction under 28 U.S.C. § 1295(a) (2012).

## DISCUSSION

We review summary judgment decisions by applying the law of the regional circuit, here the Ninth Circuit. *See Lexion Med., LLC v. Northgate Techs., Inc.*, 641 F.3d 1352, 1358 (Fed. Cir. 2011). The Ninth Circuit reviews "the district court's grant of summary judgment de novo." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (citations omitted).

## I. Claim Construction

The district court construed the term "remote" in claims 1, 10, and 18 of the '001 Patent as requiring "more than physical separation at the same location." *Baker v. Microsoft Corp.*, No. C16-396RAJ, 2017 WL 44517, at \*4–

5 (W.D. Wash. Jan. 3, 2017). Mr. Baker argues that the district court erred in its claim construction because the intrinsic record does not limit the term "remote" to mean that the separate locations cannot be in the same room. For the reasons discussed below, we agree with the district court's construction.

The '001 Patent's specification describes two components of the first location as an "image capturing device" and an "audio-visual signal transceiver." The specification explains that at the first location, the image capturing device may either be "discrete" from the signal transceiver, or the two components "may be one in the same." '001 Patent, col. 6, ll. 5–9. The district court therefore reasoned that the use of the term "discrete" to describe physically separated components at the same location indicates that the term "remote" must require something more than mere physical separation. *Baker*, 2017 WL 44517, at *4–5.

The district court also noted that during prosecution, Mr. Baker overcame the Mann prior art reference and achieved patentability by adding the limitation of two separate locations to his pending claims. *Id.* at *5. Thus, the district court concluded that Mr. Baker "disavowed the interpretation of 'remote' he now seeks to use when he amended [the claims]." *Id.*

"Statements made during prosecution may also affect the scope of the claims. Specifically, a patentee may limit the meaning of a claim term by making a clear and unmistakable disavowal of scope during prosecution." *Computer Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1374 (Fed. Cir. 2008) (citations and internal quotations omitted). Mann discloses all the features of the '001 Patent but does not impose the '001 Patent's requirements incorporating separate, remote devices. *See* J.A. 151; 256–58. Rather, Mann's specification indicates that the invention's functions are performed by a peripheral

camera connected to a *single*, capable computer. J.A. 243 ("The computer utilized by the applicants in the practice of this invention is a model VAX 11/750, manufactured by Digital Equipment Corporation.").

In his remarks accompanying the proposed amendments, Mr. Baker argued that Mann did not anticipate the amended claims because "[n]owhere in Mann is there a teaching that the computer system is located remotely from the teaching station as is emphasized in Applicant's disclosure." J.A. 99. Mr. Baker further argued that "[t]ransmittance to a separate location for analysis and feedback is critical in Applicant's invention, because the programming can be efficiently performed at the remote computer station." *Id.*

Mr. Baker made these amendments to distinguish the '001 Patent over Mann. We agree with the district court that Mr. Baker clearly and unmistakably disavowed any portion of his claim scope which combines the claimed features of the '001 Patent's remote computers into a single location or a single computer-like device, as disclosed in Mann.

Lastly, for the reasons discussed by the district court, we agree that the word "remote" in claim 18 carries the same meaning as it conveys in claims 1 and 10. *See Baker*, 2017 WL 44517, at *4.

## II. Infringement

Before the district court, both parties stipulated to the fact that, at all relevant times, the cameras of Appellees' products are "located in the same room, and in close proximity to," the game consoles or personal computers. J.A. 451–52. Based on its claim construction that remote data bases cannot be located in a single location, the district court determined that Appellees' accused products do not literally infringe the '001 Patent because all com-

ponents of the accused products, when combined, are located in the same room. *Id.* at \*6–7.

We agree that Appellees' accused products do not literally infringe the '001 Patent. Rather than incorporating two remote, computer-like devices (plus a peripheral camera) as required by the claims, we observe—and Mr. Baker appears to concede[1]—that the accused products only employ a single game console or personal computer in conjunction with a peripheral camera. As explained, Mr. Baker clearly and unmistakably disclaimed such a system during prosecution. Thus, we agree with the district court's conclusion that the accused products do not literally infringe each limitation of claim 1, 10, or 18 of the '001 Patent. *See Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, 808 F.3d 1313, 1319 (Fed. Cir. 2015); *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995) ("To establish literal infringement, every limitation set forth in a claim must be found in an accused product, exactly.").

The district court also concluded that prosecution history estoppel barred Mr. Baker from pursuing his infringement claim under the doctrine of equivalents. *See Baker*, 2017 WL 44517, at \*7–8. For the same reasons discussed in the district court's order, we agree.

## CONCLUSION

We have considered Mr. Baker's remaining arguments and find them unconvincing. Accordingly, we

---

[1] Mr. Baker's infringement argument requires identifying a peripheral camera as a first location and a PC or game console as a second location remote from the peripheral camera. *See, e.g.*, Appellant's Br. 42 ("Again, Appellees [*sic*] use of a peripheral device camera puts them on working [*sic*] camera and computer in two separate locations mentioned in the [']001 patent.").

affirm the district court's grant of summary judgment in favor of Appellees.

**AFFIRMED**

COSTS

No costs.